UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN ALEXANDER McINNIS,

        Petitioner,

vs.

SUSAN DAVIS,

        Respondent.
_____/

Civil Action No.
08-CV-10281

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER DENYING PETITIONER'S HABEAS PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Brian Alexander McInnis has filed a *pro se* petition for the writ of habeas corpus, challenging his state sentence of nine to twenty years for assault with intent to commit sexual penetration. Respondent argues in an answer to the habeas petition filed through counsel that Petitioner's sentencing-guidelines claim is not cognizable on habeas review and that Petitioner's constitutional claim lacks merit. The Court agrees. Accordingly, the habeas petition will be denied.

### I. Background

Petitioner was charged in Genesee County, Michigan with one count of criminal sexual conduct in the second degree, Mich. Comp. Laws § 750.520c(1)(a) (sexual contact with a person less than thirteen years old). On October 17, 2005, Petitioner pleaded no contest to an amended charge of assault with intent to commit criminal sexual conduct involving penetration, Mich. Comp. Laws § 750.520g(1). He also acknowledged that he was a habitual offender with three prior felonies. *See* Mich. Comp. Laws § 769.12. The advantage to pleading no contest to the amended charge was that the grid for the sentencing guidelines was lower than it would have been under the original charge.

On November 14, 2005, the trial court sentenced Petitioner as a habitual offender to imprisonment for nine to twenty years, with credit for 189 days. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," *see People v. McInnis*, No. 272757 (Mich. Ct. App. Oct. 3, 2006), and on February 27, 2007, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. McInnis*, 477 Mich. 1033; 727 N.W.2d 616 (2007).

On January 18, 2008, Petitioner filed his habeas corpus petition pursuant to 28 U.S.C. § 2254. His claims are:

I.  Petitioner should be resentenced because the trial court misscored offense variable 10, resulting in sentencing within improper inflated guidelines, in violation of the Sixth and Fourteenth Amendments of the United States Constitution.

II. Petitioner Mr. McInnis's sentence was unconstitutionally enhanced on the basis of offense variable points premised on facts which were not decided by jury, in violation of the Sixth and Fourteenth Amendments of the United States Constitution.

## II.  Standard of Review

Petitioner is entitled to the writ of habeas corpus only if the state court's adjudication of his claims on the merits–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially

indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

### III.  Discussion

Petitioner's first claim challenges the trial court's scoring of offense variable 10 of the Michigan sentencing guidelines, and the second habeas claim challenges the scoring of offense variable 4. The state court's interpretation and application of state sentencing guidelines is a matter of state concern only. *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (unpublished opinion citing *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991), and *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)). Therefore, Petitioner's challenge to the scoring of the state sentencing guidelines fails to state a cognizable claim for which habeas relief may be granted. *See Whitfield v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (*per curiam* opinion)).

Petitioner's constitutional claim is based on the Sixth Amendment, as interpreted in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and related Supreme Court cases. Petitioner contends that the trial court sentenced him on the basis of facts, which he did not admit and which were not determined by a jury beyond a reasonable doubt.

*Apprendi* and *Blakely* "are rooted in the historic jury function - determining whether the prosecution has proved each element of an offense beyond a reasonable doubt. They hold that

it is within the jury's province to determine any fact (other than the existence of a prior conviction) that increases the maximum punishment authorized for a particular offense." *Oregon v. Ice*, 129 S. Ct. 711, 714 (2009). "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303 (emphasis omitted).

Petitioner's sentence does not violate *Blakely* because "*Blakely* does not apply to Michigan's indeterminate sentencing scheme." *Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007) (unpublished opinion), *cert. denied*, 128 S. Ct. 1898 (2008). Consequently, Petitioner's Sixth Amendment claim has no merit.

## IV.  Conclusion

The state appellate court's decision – that Petitioner's claims lacked merit – did not result in an unreasonable determination of the facts and was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Accordingly, the petition for a writ of habeas corpus [docket entry 1] is denied.

Moreover, the Court declines to issue a certificate of appealability because reasonable jurists would not disagree with the Court's resolution of Petitioner's claims, and the issues presented do not warrant encouragement to proceed further. *See Banks v. Dretke*, 540 U.S. 668, 674 (2004).

Dated: April 2, 2009  
      Detroit, Michigan

S/Bernard A. Friedman_____  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

4